```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
ANATOLIY MIKITYUK, MITCH TALLUNGAN, and                          :
MICHAEL ESQUIBEL, individually and on behalf of all              :
others similarly situated,                                       :
                                                                 :
                                  Plaintiffs,                    :
                                                                 :
                -v-                                              :
                                                                 :
CISION US INC. and CISION LTD.,                                  :
                                                                 :
                                  Defendants.                    :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/2021

21-cv-510 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

The Court invites each party to submit a supplemental letter brief, no longer than 2 single-spaced pages, to be filed on ECF on or before 5:00 p.m. on April 21, 2021, addressed to the following question:

29 U.S.C. § 256 provides that an action under FLSA is deemed to commence on the date "on which . . . written consent is filed in the court on which the action was commenced" for a plaintiff who is not specifically named as a party plaintiff in the complaint or whose written consent is not "filed on . . . the date [of the complaint] in the court in which the action is brought." 29 U.S.C. § 256. The law has the virtue of setting a certain, recognizable, and verifiable date from which to measure the two-year time period (assuming a non-willful violation) for which a plaintiff can obtain relief under FLSA. It also recognizes the autonomy of would-be plaintiffs by giving them the authority to determine for themselves (by mailing a consent form to the clerk of court) the date from which relief is to be measured.

Assuming that the Court accepts Plaintiffs' proposal that the would-be plaintiffs receiving a FLSA notice send their consent forms to Plaintiffs' counsel for Plaintiffs' counsel to file with the Clerk of Court, how is the Court to protect the values of Section 256 (as set forth above) as well as protect the autonomy of the individual putative plaintiff and the ability of that plaintiff to set for him or herself the date upon which the action is commenced (including by sending the consent form to the clerk of court on a date earlier than the deadline for consent forms)? Are the parties aware of any case that discusses this specific issue or how to reconcile the decisions holding that consent forms can be sent to plaintiffs' counsel with the language of Section 256?

SO ORDERED.

Dated: April 16, 2021                 _____
       New York, New York                LEWIS J. LIMAN
                                              United States District Judge