# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Boston / Los Angeles / New York / San Francisco / Washington

April 21, 2021

**Linda M. Jackson**
Partner
202.775.5785 DIRECT
202.857.6395 FAX
linda.jackson@arentfox.com

**Reference Number
038543.00016**

The Honorable Lewis J. Liman
Judge of the United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY  10007

Re:     *Mikityuk et al. v. Cision US Inc. et al.*, **Case No. 1:21-cv-00510-LJL**

Dear Judge Liman:

Defendants submit this letter brief in response to the Court's April 16, 2021 Order.

## I.     The FLSA's Express Terms Govern the Limitations Period for Opt-In Plaintiffs.

The FLSA expressly provides how and when the limitations period stops running on an opt-in plaintiff's claims.  An opt-in plaintiff must give written consent, 29 U.S.C. § 216(b), and file it with the court, 29 U.S.C. § 256(b).  As the Court noted, the FLSA treats the action as having been "commenced" on "the subsequent date on which such written consent is filed in the court."  *Id.* Thus, only by filing a written consent can an opt-in plaintiff be deemed to have "commenced" his or her action, on which date the limitations period stops running.  The limitations period for each putative plaintiff continues to run until he or she files a consent. *Hoffman v. Sbarro, Inc.*, 982 F. Supp. 249, 260 (S.D.N.Y. 1997).

These plain and express statutory terms control.  Simply put, the FLSA authorizes only the filing of written consent with the Court as stopping the running of the limitations period—no other step can do so.  The Court must follow the FLSA's clear and unambiguous terms.

As the Court recognized, the FLSA's opt-in provisions have "the virtue of setting a certain, recognizable, and verifiable date from which to measure" the limitations period for a specific plaintiff.  By requiring filing opt-in consents with the Court, the FLSA allows for a neutral determination of the date an individual filed the consent based on when the Clerk of Court received the notice.  Any other means inevitably would lead to disputes about timing and other issues.

With the filing date controlling, courts have sought to shorten possible filing delays by ordering that opt-in plaintiffs submit their signed consent directly to the Clerk of Court instead of to plaintiffs' counsel. *See, e.g*, *Gomez v. Terri Vegetarian LLC*, Civ. No. 17-213, 2017 WL 2628880, at *3 (S.D.N.Y. June 16, 2017); *Robles v. Liberty Rest. Supply, Corp.*, Civ. No. 12-5021, 2013 WL 6684954, at *9 (E.D.N.Y. Dec. 18, 2013).  That approach can prevent "the turnaround time occasioned between" plaintiffs' counsel receiving a consent and its eventual filing. *Brabham v.*

**Arent Fox**

The Hon. Lewis J. Liman
April 21, 2021
Page 2

*Mega Tempering & Glass Corp.*, Civ. No. 13-54, 2013 WL 3357722, at *7 (E.D.N.Y. July 3, 2013). This direct practice "is in the best interest of any opt-in plaintiff." *Robles*, 2013 WL 6684954, at *9; *see also Brabham*, 2013 WL 3357722, at *7 (same).

Although some Second Circuit courts permitted opt-in plaintiffs to submit consents through plaintiffs' counsel, no authority mandates that approach, nor do the cases permitting it assess the appropriateness of it in the context of Section 256. Moreover, employees cannot be required to use that approach, having the right to their own counsel. *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 450–51 (S.D.N.Y. 2011). Returning consents to plaintiffs' counsel improperly discourages exercising that right. *Brabham*, 2013 WL 3357722, at *7. Indeed, the common practice in this Court's sister jurisdiction is to have opt-in plaintiffs send their consent forms directly to the Clerk of the Court. *Velasquez v. Digital Page, Inc.*, No. 11-CV-3892, 2014 WL 2048425, at *14 (E.D.N.Y. May 19, 2014). It also recognized that courts generally use that practice in the majority of FLSA cases. *See Brabham*, 2013 WL 3357722, at *7.

## II.       Allowing Opt-In Plaintiffs to Return Consents to Plaintiffs' Counsel for Filing Does Not Stop the Running of the Limitations Period or Allow Tolling.

Because the FLSA expressly provides that the limitations period runs until an opt-in plaintiff files written consent with the Court, submitting the consent to Plaintiffs' counsel or to any other person or place beforehand thus cannot stop or toll the running of that period earlier. *See Brabham*, 2013 WL 3357722, at *7. Even where courts have permitted a named plaintiff's counsel to receive and file consent forms, they have refused to toll the statute of limitations. *See, e.g.*, *Robinson-Smith v. Gov't Emps. Ins. Co.*, 424 F. Supp. 2d 117, 120–23 (D.D.C. 2006).

Indeed, this Court already held that equitable tolling cannot apply here. *Huer Huang v. Shanghai City Corp.*, Civ. No. 19-7702 (LJL), 2020 WL 5849099, at *12–14 (S.D.N.Y. Oct. 1, 2020). It correctly recognized that equitable tolling may apply only in "rare and exceptional circumstances," such as where individualized evidence showed a plaintiff pursued his or her rights diligently, but "some extraordinary circumstance stood in [the] way." *Id.* In *Huer Huang*, this Court rejected tolling because ordinary and expected periods of delay did not justify blanket tolling and would eviscerate the FLSA's statute of limitations. *Id.* The Court should so conclude here.

## III.      Conclusion

Accordingly, the FLSA requires the limitations period to run until an opt-in plaintiff files a consent, and is inconsistent with the notion of submitting it to Plaintiffs' counsel. In short, doing so leaves room for confusion, mistake, and delay in a way that prejudices rather than protects the interests of putative class members. Defendants request that the Court approve Defendants' proposed version of the notice and Consent to Join, limited to individuals who allegedly worked unpaid overtime, a recognized "prerequisite[ ] to joining th[e] action." *Hoffman*, 982 F. Supp. at 264.

**Arent Fox**

The Hon. Lewis J. Liman
April 21, 2021
Page 3

Respectfully submitted,

*/s/ Linda M. Jackson*

Linda M. Jackson