UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                       :
ANATOLIY MIKITYUK, MITCH TALLUNGAN, and            :
MICHAEL ESQUIBEL, individually and on behalf of all  :
others similarly situated,                                                  :
                                                                       :
                                        Plaintiffs,                   :
                                                                       :
                        -v-                                             :
                                                                       :
CISION US INC. and CISION LTD.,                               :
                                                                       :
                                        Defendants.               :
                                                                       :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__6/11/2021__

21-cv-510 (LJL)

ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move for reconsideration of the Court's Opinion and Order dated May 4, 2021,

Dkt. No. 48.  Plaintiffs additionally request approval of their revised notice and consent form and

process.  For the following reasons, Plaintiffs' motion for reconsideration is denied.  Plaintiffs

revised notice and consent form is approved, and their request for a revised process is granted in

part and denied in part.

On February 16, 2021, Plaintiffs filed a motion for court-authorized notice pursuant to 29

U.S.C. § 216(b).  Dkt. No. 12.  Among other requests, Plaintiffs asked that the Court permit

consent forms to be sent to Plaintiffs' counsel—either by mail or through an electronic portal—

and for Plaintiffs' counsel to file the forms with the Court.  Dkt. No. 13 at 16.   Defendants

opposed that request and argued that to be effective the consent forms should be sent directly to

the Clerk of the Court.  Dkt. No. 39 at 29; Dkt. No. 39-1 at 5.

On April 16, 2021, the Court issued an order that recognized the importance of the issue

and invited each party to submit a supplemental brief addressed to the question.  The order

specifically identified for consideration how the Court could protect the values of 29 U.S.C. § 256, in the event that it accepted Plaintiffs' proposal that would-be plaintiffs receiving a FLSA notice send their consent forms to Plaintiffs' counsel for counsel to file with the Clerk of Court. Dkt. No. 45.  Both parties filed letters addressed to this question.  Dkt. Nos. 46, 47.

On May 4, 2021, the Court issued its order, granting conditional certification of the collective, subject to modifications to the form of notice and to the consent forms.  Dkt. No. 48. The Court sided with Defendants on where the consent forms should be sent.  Referencing the language of Section 256 that provides that an action is deemed commenced (and therefore the statute of limitations stops running) only when the written consent was filed in court, the Court concluded: "It is more consistent with the statute to have opt-in Plaintiffs send their consent forms to the Clerk of Court—the person to whom the forms are addressed and whose receipt of them has legal significance.  Accordingly, opt-in Plaintiffs should send their consent forms to the Clerk of Court."  Dkt. No. 48 at 22.

Plaintiffs filed a motion for "clarification" or partial reconsideration on May 18, 2021. Dkt. No. 51.  Although styled a motion for clarification, Plaintiffs' submission asked for nothing less than a wholesale reconsideration of the Court's prior order.  Plaintiffs said that they needed clarification whether the Court intended to restrict submission of consent forms to the Clerk's office by U.S. Mail receipt only and asked that the Court permit them to set up an email address to which potential collective action members could send their consent forms for ultimate submission to the Court.  *Id*. at 1, 7-8.  Defendants filed a brief in opposition on June 1, 2021, arguing that Plaintiffs' request for electronic submission of consent forms did not meet the high standards required for a court to grant a motion for reconsideration, and that "[e]ach of Plaintiffs' requests regarding the process by which the Clerk's office [would] manage the submission of

consent forms, and the changes to the Notice and consent form already approved by the Court, could have and should have been requested in support of their Motion for Section 216(b) Notice." Dkt. No. 60 at 17. Plaintiffs replied on June 4, 2021. Dkt. No. 61.

On May 18, 2021, Plaintiffs filed a revised, two-sided consent form, on which one side included the opt-ins' contact information and the other included the consent and place for the opt-in to sign and date. Dkt. No. 52. Plaintiffs additionally asked that the Court order the Clerk's office to file all consent forms on the docket, to file the side of the consent form which contained contact information under seal, to set the filing date for each filed consent form to be date on which the Clerk received the consent form, to preserve the consent forms for copying and inspection, and to email copies of all consent forms received to Counsel of Record on a weekly basis. *Id*. at 2.

## LEGAL STANDARD

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000). "It is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'" *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)). Furthermore, Local Rule 6.3 "is intended to ensure the finality

of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *Prout v. Vladeck*, 319 F. Supp. 3d 741, 743-44 (S.D.N.Y. 2018) (internal quotations omitted).

## DISCUSSION

In their motion for reconsideration, Plaintiffs ask that the Court enter an Order directing that opt-in plaintiffs may submit consent forms electronically to an email address either at the Clerk's Office or in Chambers.  Plaintiffs argue that the Court's decision will create "additional and unnecessary hurdles" for potential collective members who receive only email notice, in so far as they will not receive self-addressed mailing envelopes and hard-copy consent forms and will accordingly find it more difficult to join the collective.  Dkt. No. 51 at 7. In support of their Motion, Plaintiffs offer an expert declaration from Richard Simmons, summarizing potential problems that could arise from requiring opt-in plaintiffs to submit paper consent forms directly to the Clerk of Court by U.S. Mail.  Dkt. No. 52-3.  Simmons averred that problems caused by the submission of consent forms directly to the Clerk of Court include: (1) challenges managing duplicate forms; (2) no process for notifying collective members who submit incomplete or unsigned consent forms; (3) difficulties in determining who has joined the collective, which can lead to the mailing of reminder notices to individuals who have already opted in; and (4) inability to use business reply mail, which decreases participation and increases costs.  *Id*. at 4. Furthermore, because only attorneys and in some cases pro se parties may file documents directly on ECF, the Clerk of Court would be required to upload all consent forms it received to the docket.  *See* S.D.N.Y. Electronic Case Filing Rules & Instructions ¶¶ 2.1-2.2, *available at* https://nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20020121%20FINAL.pdf.

Plaintiffs' Motion raises serious, but not previously unrecognized, issues regarding the administration of a collective under Section 216.   As described in the Plaintiffs' expert's declaration, the use of an independent claims administrator can facilitate the process for the submission of consent forms and can increase participation in the collective.  In addition, and importantly, the submission of consent forms directly to the Clerk of the Court can impose heavy burdens on personnel in that office, who must scan the consent forms, file information that is public on the docket while filing other information under seal, and preserve the physical copies of the forms.  The courts have noted these issues in the past.  *See, e.g.*, *Nahar v. Dozen Bagels Co. Inc.*, 2015 WL 6207076, at *7 (S.D.N.Y. Oct. 20, 2015); *Whorley v. Jonrocman 930, LLC*, 2015 WL 3609152, at *4 (S.D.N.Y. June 8, 2015); *Fonseca v. Dircksen & Talleyrand Inc.*, 2014 WL 1487279, at *5 (S.D.N.Y. Apr. 11, 2014); *Ritz v. Mike Rory Corp.*, 2013 WL 1799974, at *5 (E.D.N.Y. Apr. 30, 2013).

There also are weighty considerations that favor submission directly to the Clerk of the Court.  The written consent to join a Section 216 FLSA collective is unlike submissions made by absent class members of a Rule 23 class action such as opt out forms, objections or claims submission forms.  In the case of a Rule 23 class action, the statute of limitations stops running immediately upon the filing of a class action complaint; the putative class member need not do anything individually to stop the running of time.  *See American Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 550 (1974).  The absent class member also becomes a "plaintiff" and a member of the actual class through the waving of the judicial wand—an order certifying the class.  In a Rule 23(b)(3) class action, no individual need make an individual filing to enjoy the benefits and suffer the burdens of being a party.  It follows, moreover, that since deadlines for such absent class members ordinarily are set by Court order, the failure to make a timely submission (say,

because the plaintiff's lawyer who collects the forms is out for the afternoon or does not receive mail that day) can also be addressed and mitigated through Court order.

By statutory design, the FLSA Section 216 collective action is entirely different. The statute of limitations keeps running until the consent form is filed in Court. *See Huer Huang v. Shanghai City Corp.*, 2020 WL 5849099, at *14 (Oct. 1, 2020 S.D.N.Y.) ("Congress required any would-be collective action member to take affirmative action and to file a consent with the court to be the beneficiary of an action filed purportedly on his or her behalf, regardless whether a motion for conditional certification was granted. And a putative member of the collective has the same right, and therefore presumptively the corollary obligation, to file a consent both before and after the granting of a motion to be able to timely pursue a claim."). Unless and until that form is filed, the putative collective action member is not a party to the lawsuit. The filing of the consent form itself is akin to the filing of a separate lawsuit—albeit one that will be combined with the action filed by the named plaintiffs; it is the only action that appears to have legal significance and should be treated with the dignity and importance that accompanies the initiation of any lawsuit. Dkt. No. 48 at 16-17. There is nothing in the statute that suggests that a court can by order set a *nunc pro tunc* filing date for a consent form (treating it as filed in court when plaintiffs counsel says it is received by her) and saddle the defendant with the obligation to pay a prevailing plaintiff the overtime wages he or she is due not just in respect to the two years back from the filing date but for the additional time period back from when the consent form was received by a private lawyer.

It is precisely because the resolution of this issue is not easy, and because there are competing considerations on both sides, that the Court invited supplemental briefing.

Plaintiff's motion comes too late. Plaintiffs have already had two opportunities to present

the arguments they present in the instant motion.  They could have raised them in their initial

motion for notice.  They could have also raised the issues in their supplemental brief.  Plaintiffs

submitted a supplemental brief, but they did not raise the issues they raise on this motion there

either.  There also is no manifest injustice in requiring a person who wants to join a federal

lawsuit to follow the process the United States Congress has established for joining such a

lawsuit.  In light of the fact that Plaintiffs have already twice failed to take advantage of

opportunities to raise the issues they now raise and in the absence of any manifest injustice,

reconsideration is not appropriate.

In addition, Simmons' declaration violates S.D.N.Y. Local Rule 6.3, which provides that

"[n]o affidavits shall be filed by any party unless directed by the Court."  S.D.N.Y. Local Rule

6.3.  Thus, the declaration is struck.

Plaintiffs' revised consent form is approved.  That document is a two-sided form that is

intended to ameliorate the burden on the Court.  Side A of the consent form contains opt-ins'

contact information, while Side B contains the formal consent to join the collective action.  By

placing the information that can be publicly filed all on one page and the information that should

be sealed only on a separate page, the revised consent form will make it easier and more efficient

for the Court to file the forms.  Side A will be placed under seal; Side B will be scanned and filed

publicly on ECF.  The legally operative date under Section 256 will be the date the Court

receives the consent form in the mail and dates-stamps it, rather than that date it is docketed

which, as a matter of administrative practice, may be several days later.  The Court will preserve

copies of the original consent forms.  After the date for submission of all of the consent forms

has passed and after Side B has been publicly filed, the Court will make copies of the original

forms for Plaintiffs' counsel who may pick them up from Chambers.  Defense counsel may make

a motion for access to copies of Side A if such access is justified.  The request that the Clerk be ordered to email copies of the consent forms to Plaintiffs' counsel is denied.  To the extent any of the other requests made by Plaintiffs' counsel are not explicitly addressed in this memorandum and order, those requests are denied.

In addition, Defendants reiterate that they object to the inclusion of a unique identifier in Plaintiffs' Consent to Join form, which Defendants assert is part and parcel of the electronic notice and consent form submission via the website process Plaintiff propose, and is inconsistent with the Court's Order.  Dkt. No. 60 at 18.  Defendants further object to the instruction in Item 4 of the Proposed Notice that suggests the Consent to Join forms may be returned to the Clerk by electronic means.  *Id*. at 7-16.  Though the Proposed Notice attached to the Motion deletes the reference to submitting the Consent Form "using the link in your email notice," Dkt. No. 52, Ex. A, it provides a postmark instruction "if [the consent form is returned] by mail."  Dkt. No. 59, Ex. A at 2.  Defendants renew their request that Plaintiffs submit for review and approval the email communication that they intend to use to transmit the Notice.

Defendants' arguments are accepted and Plaintiffs' requests are denied.  The unique identifier and the instruction in Item 4 of the Proposed Notice are only sensible if the Court had approved the use of electronic submission of the notice and consent form, which it has not.  The reference in the Proposed Notice to submitting the Consent Form using a link should be removed for the same reason.  Plaintiffs shall submit the email communication they intend to use to transmit the Notice for review.  Plaintiffs' repeated filings have delayed the sending of notice to the disservice of those they purport to represent.  They shall submit the email communication forthwith.

**CONCLUSION**

8

Plaintiffs' motion for reconsideration is DENIED.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 50.

The Clerk of Court is respectfully directed to strike the affidavit at Dkt. No. 52-3.

Plaintiffs' motion for approval of the revised notice and consent form and process is GRANTED IN PART and DENIED IN PART.  The revised form of the notice is APPROVED. The sides of the consent forms which include the opt-ins' signatures and dates will be filed on the public docket, while the sides of the consent forms including the opt-ins' contact information will be filed under seal.  Plaintiffs' request that the Clerk of Court email copies of the consent forms to Counsel of Record on a weekly basis is DENIED.  The Clerk of Court is respectfully directed to close the motion at Dkt. No. 57.

The Court defers consideration of Defendants' request for fees pursuant to 28 U.S.C. § 1927, Dkt. No. 63, pending the receipt of Plaintiffs' response.


SO ORDERED.

Dated: June 11, 2021
       New York, New York                    _____
                                                      LEWIS J. LIMAN
                                             United States District Judge