

Advocates for Workplace Fairness

July 20, 2021

**VIA ECF**
The Honorable Judge Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, NY 10007

      Re:    *Mikityuk et al. v. Cision US Inc. et al.*; Case No. 21-cv-00510-LJL

Dear Judge Liman:

      We represent Plaintiffs in the above-captioned matter. We write in response to ECF No. 87, Cision's July 16, 2021 letter motion asking the Court to compel Plaintiff Michael Esquibel to appear for deposition on September 1, 2021 or, alternatively, to order Plaintiff Esquibel to confirm his availability for an alternate deposition date no later than September 15, 2021. For the reasons discussed below, the Court should deny Cision's request. Instead, if Plaintiff Esquibel is unable to confirm a date during Cision's proposed time period, consistent with the Case Management Plan and Scheduling Order (ECF No. 33), the parties should work to schedule Plaintiff Esquibel's deposition later in fall of 2021 along with other opt-in depositions.

      Plaintiff Esquibel is an opt-in plaintiff in this matter. *See* ECF No. 83 (Proposed Joint Stipulation) ¶ 2 ("Plaintiff Michael Esquibel shall be an Opt-in Plaintiff in this case, but not a Named Plaintiff or class representative for the putative Maryland class or representative for the FLSA collective"); ECF No. 85 (so-ordering ECF No. 83); ECF No. 88 (Second Amended Complaint). The Case Management and Scheduling Order contemplates that the parties will meet-and-confer regarding the scope and scheduling of opt-in discovery after the close of the notice period, which will likely be in late September or October 2021, depending on the dates of notice re-mailings. Cision agreed to this process, representing in the Case Management and Scheduling Order that they "agree[] that a further meet-and-confer process and report back to the Court would be appropriate after the close of the Notice Period, at which time Cision would know the number of any opt-in plaintiffs and be better able to address discovery with respect to them, including the amount of discovery necessary beyond the limits of the Federal Rules of Civil Procedure." ECF No. 33 ¶ 17(e)(ii). A four-month discovery period will follow, allowing plenty of time for the parties to conduct opt-in discovery. ECF No. 33 ¶ 6. Plaintiff Esquibel's opt-in plaintiff deposition should be scheduled during the forthcoming meet-and-confer process and the Court should not entertain any motion to compel on this issue at this early and inappropriate juncture.

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000  Fax (646) 509-2060
**San Francisco**  One California Street  12th Floor  San Francisco, CA 94111  Tel (415) 638-8800  Fax (415) 638-8810
**Washington DC**  601 Massachusetts Ave NW  Suite 200W  Washington, DC 20001  Tel (202) 847-4400  Fax (202) 847-4410

www.outtengolden.com

As Plaintiffs have explained to Cision, Plaintiff Esquibel is unavailable for a deposition this summer because of significant personal obligations that make his schedule unpredictable for the next several months. ECF No. 87-4, at 4. Specifically, Plaintiff Esquibel recently accepted a new job that required him to move across the country, from Baltimore to Sacramento, California. As part of this move, Plaintiff Esquibel is selling his home in Baltimore, driving cross-country, and purchasing a new home in Sacramento. *Id.* Accordingly, Plaintiffs asked Cision for the courtesy of scheduling Plaintiff Esquibel's deposition in the fall and have informed Cision repeatedly that they require additional time to confirm Plaintiff Esquibel's availability on the dates Cision proposed. *See* ECF No. 87-5. Despite having notice of Plaintiff Esquibel's very limited availability this summer, and despite Plaintiffs' Counsel's numerous representations that they will work cooperatively with Cision to schedule Plaintiff Esquibel's deposition for a mutually agreeable date, Cision has continued to insist that Plaintiff Esquibel immediately confirm his availability for deposition on September 1, 2021 and have re-issued a deposition notice for that date.[1]

In a show of good faith to avoid further dispute, Plaintiffs' Counsel will continue to confer with Plaintiff Esquibel to confirm his availability during Cision's preferred dates.[2] If Plaintiff Esquibel is unable to confirm his availability during these dates or unable to attend a deposition during this timeframe, his deposition should be rescheduled during the regular opt-in discovery time period.[3]

---

[1] It is not true that Plaintiffs "provided no response," ECF No. 87 at 2, to Cision's June 30 correspondence. Rather, in an email omitted from Cision's letter, on July 9 (the response date requested by Cision), Plaintiffs explained that a motion to compel Plaintiff Esquibel's deposition at this juncture would not be an efficient use of the parties' and the Court's resources given that the parties were working cooperatively to attempt to set a date. *See* Ex. A. Cision did not respond and instead filed its letter.

[2] In a show of good faith and in an effort to avoid a dispute, Plaintiff Esquibel served his written discovery responses in July 2021, even though the Case Management Plan and Scheduling Order contemplate that opt-in discovery will not commence until after the close of the notice period. *See* ECF No. 87-4 at 3.

[3] While Cision does not explicitly ask the Court to dismiss Plaintiff Esquibel's claims if he fails to appear at a deposition, Plaintiffs note that dismissal is inappropriate except in "extreme" situations, *Jackson v. City of New York*, 22 F.3d 71, 75 (2d Cir. 1994), particularly absent a showing of prejudice to defendants, *see, e.g.*, *Saleem v. Corp. Transp. Grp., Ltd.*, No. 12 Civ. 8450, 2013 WL 6331874, at *4 (S.D.N.Y. Dec. 5, 2013) (declining to dismiss opt-ins "particularly in light of minimal degree of prejudice [d]efendants . . . suffered"); *Diaz v. Scores Holding Co., Inc.*, No. 07 Civ. 8718, 2008 WL 7863502, at *7 (S.D.N.Y. May 9, 2008) (declining to dismiss plaintiffs for failure to attend deposition where defendant suffered no prejudice); *Ayers v. SGS Control Servs., Inc.*, No. 03 Civ. 9077, 2007 WL 646326, at *13 (S.D.N.Y. Feb. 27, 2007) (declining to dismiss opt-in plaintiffs for failure to participate in discovery where there was no evidence that defendants were not unfairly prejudiced because they were able to take discovery from other opt-in plaintiffs).

                                            Respectfully submitted,

                                            Melissa L. Stewart

CC: All Counsel of Record (via ECF)