**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **ANATOLIY MIKITYUK** *et al.*, | : | |
| **Plaintiffs,** | : | |
| **-v-** | : | **Case No.: 1:21-cv-00510 (LJL)** |
| **CISION US INC.** *et al.*, | : | |
| **Defendants.** | : | |

## DEFENDANTS CISION US INC. & CISION LTD.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Cision US Inc. and Cision Ltd., by and through counsel, hereby respond to the Second Amended Complaint in this action.

## NATURE OF THE ACTION

1.      Defendant Cision US Inc. admits that it employed Plaintiffs Mitch Tallungan and Wade Honey, but denies that it employed Plaintiff Anatoliy Mikityuk.  Defendant Cision Ltd. denies that it employed Plaintiffs Anatoliy Mikityuk, Mitch Tallungan, and Wade Honey, and further denies that it has ever had any employees at any time.  Defendant Cision Ltd. affirmatively states that it is a holding company.  The Second Amended Complaint speaks for itself as to the recovery sought, and as such, an answer is not required as to the allegation regarding what the lawsuit seeks.  Defendants, however, deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.  Defendants further deny that the job titles listed in Paragraph 1 of the Second Amended Complaint are similarly situated to each other, and lack sufficient information or knowledge to admit or deny the allegation as to "other similar roles, however variously titled," as the term is vague.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 1 of the Second Amended Complaint.

2.      Defendant  Cision US Inc. admits that it is a public relations software and services provider in the United States;  Defendant Cision Ltd. denies that it is a public relations software and services provider in the United States.   The documents cited in footnote one speak for themselves, and as such, no response is required.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 2 of the Second Amended Complaint.

3.      Defendant Cision US Inc. admits the allegations in Paragraph 3 of the Second Amended Complaint; Defendant Cision Ltd. denies the allegations in Paragraph 3 of the Second Amended Complaint..

4.      Defendants deny the allegations in Paragraph 4 of the Second Amended Complaint.

5.      Defendant Cision US Inc. admits the allegations in Paragraph 5 of the Second Amended Complaint, except that it denies the allegation as to the portion of the Plaintiffs' defined term for Sales Representatives which includes "other similar roles, however variously titled" as vague; Defendant Cision Ltd. denies the allegations in Paragraph 5 of the Second Amended Complaint.

6.      Defendants admit that Cision US Inc.'s Sales Representatives perform tasks that include communicating with clients and potential clients via phone and email, researching sales leads, booking sales meetings with prospective clients, and/or making sales of Cision-branded products to current and/or prospective clients, except that they deny the allegation as to the portion of the Plaintiffs' defined term for Sales Representatives which includes "other similar roles, however variously titled" as vague.  Plaintiffs' assertion that these duties are "non-exempt" does not require a response as it states a legal conclusion to which no response is required.  To the extent a response is required, Defendants deny the same, and except as expressly admitted, deny the remaining allegations in Paragraph 6 of the Second Amended Complaint.

7.      Defendants admit that Cision US Inc.'s Sales Representatives primarily perform their job duties from Cision US Inc.'s office, and during the COVID-19 pandemic, from remote locations, except that they deny the allegation as to the portion of the Plaintiffs' defined term for Sales Representatives which includes "other similar roles, however variously titled" as vague. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 7 of the Second Amended Complaint.

8.      Defendants deny the allegations in Paragraph 8 of the Second Amended Complaint. Cision US Inc. managers regularly provide time management training and counseling to assist Sales Representatives complete their work duties during their regularly scheduled work hours.

9.      Defendants deny the allegations in Paragraph 9 of the Second Amended Complaint.

10.     Defendants deny the allegations in Paragraph 10 of the Second Amended Complaint.

11.     Defendants deny the allegations in Paragraph 11 of the Second Amended Complaint.

12.     Paragraph 12 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 12 of the Second Amended Complaint.

13.     Paragraph 13 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 13 of the Second Amended Complaint.

14.     Defendants deny the allegations in Paragraph 14 of the Second Amended Complaint.

15.     The Second Amended Complaint speaks for itself as to the claims Plaintiffs assert, and as such, an answer is not required as to the allegation in Paragraph 15 of the Second Amended Complaint.  Defendants, however, deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.

16.     The Second Amended Complaint speaks for itself as to the claims Plaintiff Mikityuk asserts, and as such, an answer is not required as to the allegation in Paragraph 16 of the Second Amended Complaint.  Defendants, however, deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.

17.     The Second Amended Complaint speaks for itself as to the claims Plaintiff Tallungan asserts, and as such, an answer is not required as to the allegation in Paragraph 17 of the Second Amended Complaint.  Defendants, however, deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.

18.     The Second Amended Complaint speaks for itself as to the claims Plaintiff Honey asserts, and as such, an answer is not required as to the allegation in Paragraph 18 of the Second Amended Complaint.  Defendants, however, deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.

19.     Defendants admit the allegations in Paragraph 19 of the Second Amended Complaint.

## JURISDICTION & VENUE

20.     Defendants admit the allegations in Paragraph 20 of the Second Amended Complaint.

21.     Defendants admit the allegations in Paragraph 21 of the Second Amended Complaint.

22.     Defendants admit the allegations in Paragraph 22 of the Second Amended Complaint.

23.     Defendants admit that venue is proper in this Court.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 23 of the Second Amended Complaint.

## THE PARTIES

### *Plaintiff Anatoliy Mikityuk*

24.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 24 of the Second Amended Complaint and therefore deny the same.

25.     Defendants admit that Plaintiff Mikityuk held the role of Sales Development Representative from March 2019 to November 2019 for Falcon.io in accordance with the Employment Agreement entered into by Plaintiff Mikityuk and Falcon.io.  Defendants deny that they employed Plaintiff Mikityuk, and except as expressly admitted, Defendants deny the remaining allegations in Paragraph 25 of the Second Amended Complaint.

26.     Defendants deny the allegations in Paragraph 26 of the Second Amended Complaint.

27.     Paragraph 27 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 27 of the Second Amended Complaint.

28.     Defendants deny the allegations in Paragraph 28 of the Second Amended Complaint.

29.     Defendants deny the allegations in Paragraph 29 of the Second Amended Complaint.

30.     Defendants deny the allegations in Paragraph 30 of the Second Amended Complaint.

31.     Defendants deny the allegations in Paragraph 31 of the Second Amended Complaint.

32.     Defendants deny the allegations in Paragraph 32 of the Second Amended Complaint.

33.     The initial Complaint and exhibits thereto speak for themselves, and as such, no response is required to the allegations in Paragraph 33 of the Second Amended Complaint.

***Plaintiff Mitch Tallungan***

34.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 34 of the Second Amended Complaint and therefore deny the same.

35.     Defendant Cision US Inc. admits that it employed Plaintiff Tallungan from January 2016 to March 2018 as a Business Development Manager in its Chicago, Illinois office; Defendant Cision Ltd. denies that it employed Plaintiff Tallungan in any capacity at any time.

36.     Defendants admit that Plaintiff Tallungan's job tasks as a Business Development Manager at Cision US Inc. included making sales of Cision US Inc.'s products and services, including sales of subscriptions to Cision US Inc.'s products and services.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 36 of the Second Amended Complaint.

37.     Paragraph 37 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 37 of the Second Amended Complaint.

38.     Defendants deny the allegations in Paragraph 38 of the Second Amended Complaint.

39.     Defendants deny the allegations in Paragraph 39 of the Second Amended Complaint.

40.     Defendants deny the allegations in Paragraph 40 of the Second Amended Complaint.

41.     Defendants deny the allegations in Paragraph 41 of the Second Amended Complaint.

42.     Defendants deny the allegations in Paragraph 42 of the Second Amended Complaint.

43.     The initial Complaint and exhibits thereto speak for themselves, and as such, no response is required to the allegations in Paragraph 43 of the Second Amended Complaint.

***Plaintiff Wade Honey***

44.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 44 of the Second Amended Complaint and therefore deny the same.

45.     Defendant Cision Us Inc. admits that it employed Plaintiff Honey from August 2018 to May 2019 as a Business Development Specialist in its Beltsville, Maryland office. Defendant Cision Ltd. denies that it employed Plaintiff Honey in any capacity at any time.

46.     Defendants admit that Plaintiff Honey's job tasks as a Business Development Specialist for Cision US Inc. included making sales of Cision US Inc.'s products and services, including sales of subscriptions to Cision US Inc.'s products and services.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 46 of the Second Amended Complaint.

47.     Paragraph 47 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 47 of the Second Amended Complaint.

48.     Defendants deny the allegations in Paragraph 48 of the Second Amended Complaint.

49.     Defendants deny the allegations in Paragraph 49 of the Second Amended Complaint.

50.     Defendants deny the allegations in Paragraph 50 of the Second Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Second Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Second Amended Complaint.

53.     The initial Complaint and exhibits thereto speak for themselves, and as such, no response is required to the allegations in Paragraph 53 of the Second Amended Complaint.

***Defendants***

54.     Defendants deny the allegations in Paragraph 54 of the Second Amended Complaint.

55.     Defendants deny the allegations in Paragraph 55 of the Second Amended Complaint.  The documents cited in footnote two speak for themselves, and as such, no response is required.

56.     Defendants deny the allegations in Paragraph 56 of the Second Amended Complaint.  The documents cited in footnote three speak for themselves, and as such, no response is required.

57.     Defendants admit that they previously shared the same Board of Directors.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 57 of the Second Amended Complaint.  The documents cited in footnote four speak for themselves, and as such, no response is required.

58.     Defendants admit that they previously shared the same Executive Officers.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 58 of the Second Amended Complaint.  The documents cited in footnote five speak for themselves, and as such, no response is required.

59.     Paragraph 59 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 59 of the Second Amended Complaint.  The documents cited in footnote six speak for themselves, and as such, no response is required.

60.     Paragraph 60 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 60 of the Second Amended Complaint.  The documents cited in footnote seven speak for themselves, and as such, no response is required.

61.     Paragraph 61 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 61 of the Second Amended Complaint.

62.     Paragraph 62 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 62 of the Second Amended Complaint.

63.     Paragraph 63 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 63 of the Second Amended Complaint.

64.     Paragraph 64 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 64 of the Second Amended Complaint.

65.     Paragraph 65 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 65 of the Second Amended Complaint.

66.     Defendants deny the allegations in Paragraph 66 of the Second Amended Complaint.  The documents cited in footnote eight speak for themselves, and as such, no response is required.

67.     Defendants deny the allegations in Paragraph 67 of the Second Amended Complaint.  The documents cited in footnote nine speak for themselves, and as such, no response is required.

68.     Defendants deny the allegations in Paragraph 68 of the Second Amended Complaint.  The documents cited in footnote ten speak for themselves, and as such, no response is required.

69.     Defendants deny the allegations in Paragraph 69 of the Second Amended Complaint.  The documents cited in footnote eleven speak for themselves, and as such, no response is required.

70.     Defendants deny the allegations in Paragraph 70 of the Second Amended Complaint.  The documents cited in footnote twelve speak for themselves, and as such, no response is required.

71.     Defendants deny the allegations in Paragraph 71 of the Second Amended Complaint.  The documents cited in footnote thirteen speak for themselves, and as such, no response is required.

72.     Defendants deny the allegations in Paragraph 72 of the Second Amended Complaint.  The documents cited in footnote fourteen speak for themselves, and as such, no response is required.

***Defendant Cision Ltd.***

73.     Defendants admit that Cision Ltd. is a corporation formed under the laws of the Cayman Islands with its United States headquarters in Chicago, Illinois.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 73 of the Second Amended Complaint.

74.     Defendants admit the allegations in Paragraph 74 of the Second Amended Complaint.  The documents cited in footnote fifteen speak for themselves, and as such, no response is required.

75.     Defendants admit that Cision Ltd. ceased trading on the New York Stock Exchange on approximately January 31, 2020.  The documents cited in footnote sixteen speak for themselves,

and as such, no response is required.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 75 of the Second Amended Complaint.

76.     Defendants deny the allegations in Paragraph 76 of the Second Amended Complaint.  The documents cited in footnote seventeen speak for themselves, and as such, no response is required.

77.     Defendants deny the allegations in Paragraph 77 of the Second Amended Complaint.

78.     Paragraph 78 contains quotations from publicly-available documents.  Those documents speak for themselves, and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 78 of the Second Amended Complaint. The documents cited in footnotes eighteen and nineteen speak for themselves, and as such, no response is required.

79.     Defendants deny the allegations in Paragraph 79 of the Second Amended Complaint.

80.     Paragraph 80 contains quotations from a document attached as an exhibit to the Second Amended Complaint.  That document speaks for itself, and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 80 of the Second Amended Complaint.

81.     Paragraph 81 contains quotations from publicly-available documents.  Those documents speak for themselves, and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 81 of the Second Amended Complaint. The documents cited in footnote twenty speak for themselves, and as such, no response is required.

82.     Defendants deny the allegations in Paragraph 82 of the Second Amended Complaint.

83.     Defendants deny the allegations in Paragraph 83 of the Second Amended Complaint.

84.     Defendants deny the allegations in Paragraph 84 of the Second Amended Complaint.

85.     Defendants deny the allegations in Paragraph 85 of the Second Amended Complaint.  The documents cited in footnote twenty-one speak for themselves, and as such, no response is required.

86.     Defendants deny the allegations in Paragraph 86 of the Second Amended Complaint.

87.     Paragraph 87 contains quotations from publicly-available documents.  Those documents speak for themselves, and as such, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 87 of the Second Amended Complaint.  The documents cited in footnotes twenty-two and twenty-three speak for themselves, and as such, no response is required.

88.     Defendants deny the allegations in Paragraph 88 of the Second Amended Complaint.  The document cited in footnote twenty-four speaks for itself, and as such, no response is required.

89.     Paragraph 89 contains quotations from a document attached to the Second Amended Complaint as an exhibit.  That document speaks for itself, and thus, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 89 of the Second Amended Complaint.

90.     Paragraph 90 contains quotations from a document attached to the Second Amended Complaint as an exhibit.  That document speaks for itself, and thus, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 90 of the Second Amended Complaint.

91.     Paragraph 91 contains quotations from a document attached to the Second Amended Complaint as an exhibit.  That document speaks for itself, and thus, no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 91 of the Second Amended Complaint.

92.     Defendants deny the allegations in Paragraph 92 of the Second Amended Complaint.  The document cited in footnote twenty-five speaks for itself, and as such, no response is required.

93.     Defendants deny the allegations in Paragraph 93 of the Second Amended Complaint.  The documents cited in footnote twenty-six speak for themselves, and as such, no response is required.

94.     Defendants deny the allegations in Paragraph 94 of the Second Amended Complaint.  The document cited in footnote twenty-seven speaks for itself, and as such, no response is required.

95.     Defendants deny the allegations in Paragraph 95 of the Second Amended Complaint.  The documents cited in footnote twenty-eight speak for themselves, and as such, no response is required.

96.     Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 96 of the Second Amended Complaint, and therefore deny them.  The

documents cited in footnote twenty-nine speak for themselves, and as such, no response is required.

97.     Paragraph 97 contains quotations from a publicly-available document.  That document speaks for itself.  To the extent a response is required, Defendants deny the allegations in Paragraph 97 of the Second Amended Complaint.

98.     Paragraph 98 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 98 of the Second Amended Complaint.

99.     Defendants deny the allegations in Paragraph 99 of the Second Amended Complaint.

***Defendant Cision US Inc.***

100.    Defendants admit that Cision US Inc. is a corporation formed under the laws of Delaware with its headquarters in Chicago, Illinois and additional offices in New York, New York and Beltsville, Maryland.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 100 of the Second Amended Complaint.

101.    Defendants deny the allegations in Paragraph 101 of the Second Amended Complaint.  The documents cited in footnote thirty speak for themselves, and as such, no response is required.

102.    Defendants admit that Cision US Inc. employs Sales Representatives in multiple jurisdictions within the United States, except that it denies the allegation as to the portion of the Plaintiffs' defined term for Sales Representatives which includes "other similar roles, however variously titled" as vague.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 102 of the Second Amended Complaint.

103.    Paragraph 103 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 103 of the Second Amended Complaint.

104.    Defendants admit that Cision US Inc. maintained control and oversight over Plaintiffs Tallungan and Honey.  Defendants lack knowledge or information sufficient to admit or deny whether it maintained control and oversight over "similarly situated employees," as the term is vague, and therefore denies same.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 104 of the Second Amended Complaint.

105.    Defendants admit the allegations in Paragraph 105 of the Second Amended Complaint with respect to Sales Representatives employed by Cision US Inc., except that it denies the allegation as to the portion of the Plaintiffs' defined term for Sales Representatives which includes "other similar roles, however variously titled" as vague.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 105 of the Second Amended Complaint.

106.    Defendants admit the allegations in Paragraph 106 of the Second Amended Complaint with respect to Sales Representatives employed by Cision US Inc, except that it denies the allegation as to the portion of the Plaintiffs' defined term for Sales Representatives which includes "other similar roles, however variously titled" as vague.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 106 of the Second Amended Complaint.

107.    Defendants admit that Cision US Inc. issued paychecks for Plaintiffs Tallungan and Honey.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 107 of the Second Amended Complaint.

108.     Defendants admit that Cision US Inc. promulgates a "Cision US Employee Handbook" that it distributes to all of its employees.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 108 of the Second Amended Complaint.

109.     Defendants deny the allegations in Paragraph 109 of the Second Amended Complaint.

110.     Defendants admit that Cision US Inc. promulgates "Rules of Engagement" to certain of its sales employees.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 110 of the Second Amended Complaint.

111.     Defendants admit the allegations in Paragraph 111 of the Second Amended Complaint.

## COMMON FACTUAL ALLEGATIONS

112.     Defendants deny the allegations in Paragraph 112 of the Second Amended Complaint.

113.     Defendants deny the allegations in Paragraph 113 of the Second Amended Complaint.

114.     Defendants deny the allegations in Paragraph 114 of the Second Amended Complaint.

115.     Defendants deny the allegations in Paragraph 115 of the Second Amended Complaint.

116.     Defendants deny the allegations in Paragraph 116 of the Second Amended Complaint.

117.     Defendants deny the allegations in Paragraph 117 of the Second Amended Complaint.

118.     Defendants deny the allegations in Paragraph 118 of the Second Amended Complaint.

119.     Defendants deny the allegations in Paragraph 119 of the Second Amended Complaint.

## COLLECTIVE ACTION ALLEGATIONS

120.     The Second Amended Complaint speaks for itself as to the claims Plaintiffs assert, and as such, an answer is not required as to the allegation in Paragraph 120 of the Second Amended Complaint.  Defendants, however, deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.  Defendants deny that collective treatment is appropriate.  Defendants lack knowledge or information sufficient to admit or deny the allegation as to "similarly situated employees," as the term is vague, and therefore denies same.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 120 of the Second Amended Complaint.

121.     Defendants deny the allegations in Paragraph 121 of the Second Amended Complaint.

122.     Defendants deny the allegations in Paragraph 122 of the Second Amended Complaint, including the allegations in sub-parts a. and b.

123.     Defendants admit that they were aware of the FLSA's requirements, but deny the allegations and implications that they violated the FLSA in any way.  Except as expressly admitted, Defendants deny the allegations in Paragraph 123 of the Second Amended Complaint.

124.     Defendants deny the allegations in Paragraph 124 of the Second Amended Complaint.

125.     Defendants deny the allegations in Paragraph 125 of the Second Amended Complaint.

## NEW YORK CLASS ACTION ALLEGATIONS

126.     The Second Amended Complaint speaks for itself as to the claims the New York Plaintiff asserts, and as such, an answer is not required as to the allegations in Paragraph 126 of the Second Amended Complaint.  Defendants, however, deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.  Defendants deny that class treatment is appropriate.  Defendants lack knowledge or information sufficient to admit or deny the allegations as to "similarly situated persons," as the term is vague, and therefore denies same. Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 126 of the Second Amended Complaint.

127.     Defendants admit that Plaintiffs define the New York Class as stated.  Defendants deny that class treatment is appropriate, and deny that the Plaintiff's definition of Cision or Sales Representatives as stated in the Second Amended Complaint is accurate or appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 127 of the Second Amended Complaint.

128.     Defendants admit that Plaintiffs define the New York Class as stated.  Defendants deny that class treatment is appropriate, and deny that the Plaintiffs' definition of Cision as stated in the Second Amended Complaint is accurate or appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 128 of the Second Amended Complaint.

129.     Paragraph 129 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 129 of the Second Amended Complaint.

130.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 130 of the Second Amended Complaint and therefore deny the same.

131.    Paragraph 131 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 131 of the Second Amended Complaint.

132.    Paragraph 132 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 132 of the Second Amended Complaint, including the allegations in sub-parts a. through i.

133.    Defendants deny the allegations in Paragraph 133 of the Second Amended Complaint.

134.    Defendants deny the allegations in Paragraph 134 of the Second Amended Complaint.

135.    Defendants deny the allegations in Paragraph 135 of the Second Amended Complaint.

136.    Defendants deny the allegations in Paragraph 136 of the Second Amended Complaint.

137.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 137 of the Second Amended Complaint and therefore deny the same.

138.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 138 of the Second Amended Complaint and therefore deny the same.

139.    Defendants deny the allegations in Paragraph 139 of the Second Amended Complaint.

140.     Defendants deny the allegations in Paragraph 140 of the Second Amended Complaint.

## ILLINOIS CLASS ACTION ALLEGATIONS

141.     The Second Amended Complaint speaks for itself as to the claims the Illinois Plaintiff asserts, and as such, an answer is not required to the allegations in Paragraph 141 of the Second Amended Complaint.  Defendants deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.  Defendants deny that class treatment is appropriate.  Defendants lack knowledge or information sufficient to admit or deny the allegations as to "similarly situated persons," as the term is vague, and therefore denies same.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 141 of the Second Amended Complaint.

142.     Defendants admit that Plaintiffs define the Illinois Class as stated.  Defendants deny that class treatment is appropriate, and deny that the Plaintiff's definition of Cision or Sales Representatives as stated in the Second Amended Complaint is accurate or appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 142 of the Second Amended Complaint.

143.     Defendants admit that Plaintiffs define the Illinois Class as stated.  Defendants deny that class treatment is appropriate, and deny that the Plaintiffs' definition of Cision as stated in the Second Amended Complaint is accurate or appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 143 of the Second Amended Complaint.

144.     Paragraph 144 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 144 of the Second Amended Complaint.

145.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 145 of the Second Amended Complaint and therefore deny the same.

146.     Paragraph 146 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 146 of the Second Amended Complaint.

147.     Paragraph 147 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 147 of the Second Amended Complaint, including the allegations in sub-parts a. through e.

148.     Defendants deny the allegations in Paragraph 148 of the Second Amended Complaint.

149.     Defendants deny the allegations in Paragraph 149 of the Second Amended Complaint.

150.     Defendants deny the allegations in Paragraph 150 of the Second Amended Complaint.

151.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 151 of the Second Amended Complaint and therefore deny the same.

152.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 152 of the Second Amended Complaint and therefore deny the same.

153.     Defendants deny the allegations in Paragraph 153 of the Second Amended Complaint.

154.     Defendants deny the allegations in Paragraph 154 of the Second Amended Complaint.

## MARYLAND CLASS ACTION ALLEGATIONS

155.    The Second Amended Complaint speaks for itself as to the claims the Maryland Plaintiff asserts, and as such, an answer is not required to the allegations in Paragraph 155 of the Second Amended Complaint.  Defendants deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.  Defendants deny that class treatment is appropriate.  Defendants lack knowledge or information sufficient to admit or deny the allegations as to "similarly situated persons," as the term is vague, and therefore denies same.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 155 of the Second Amended Complaint.

156.    Defendants admit that Plaintiffs define the Maryland Class as stated.  Defendants deny that class treatment is appropriate, and deny that the Plaintiff's definition of Cision or Sales Representatives as stated in the Second Amended Complaint is accurate or appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 156 of the Second Amended Complaint.

157.    Defendants admit that Plaintiffs define the Maryland Class as stated.  Defendants deny that class treatment is appropriate and deny that the Plaintiffs' definition of Cision as stated in the Second Amended Complaint is accurate or appropriate.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 157 of the Second Amended Complaint.

158.    Paragraph 158 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 158 of the Second Amended Complaint.

159.    Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 159 of the Second Amended Complaint and therefore deny the same.

160.     Paragraph 160 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 160 of the Second Amended Complaint.

161.     Paragraph 161 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 161 of the Second Amended Complaint, including the allegations in sub-parts a. through i.

162.     Defendants deny the allegations in Paragraph 162 of the Second Amended Complaint.

163.     Defendants deny the allegations in Paragraph 163 of the Second Amended Complaint.

164.     Defendants deny the allegations in Paragraph 164 of the Second Amended Complaint.

165.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 165 of the Second Amended Complaint and therefore deny the same.

166.     Defendants are without knowledge or information sufficient to admit or deny the allegations in Paragraph 166 of the Second Amended Complaint and therefore deny the same.

167.     Defendants deny the allegations in Paragraph 167 of the Second Amended Complaint.

168.     Defendants deny the allegations in Paragraph 168 of the Second Amended Complaint.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

169.     Defendants incorporate by reference their responses to the allegations in all preceding paragraphs.

170.     Defendants deny the allegations in Paragraph 170 of the Second Amended Complaint.

171.     Defendants admit that Plaintiffs filed documents that purport to be written consent forms signed by Plaintiffs Mikityuk, Tallungan, and Honey in this action.  Except as expressly admitted, Defendants deny the allegations in Paragraph 171 of the Second Amended Complaint.

172.     Paragraph 172 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 172 of the Second Amended Complaint.

173.     Paragraph 173 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 173 of the Second Amended Complaint.

174.     Paragraph 174 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 174 of the Second Amended Complaint.

175.     Paragraph 175 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 175 of the Second Amended Complaint.

176.     Defendants deny the allegations in Paragraph 176 of the Second Amended Complaint.

177.    Defendants deny the allegations in Paragraph 177 of the Second Amended Complaint.

178.    Defendants deny the allegations in Paragraph 178 of the Second Amended Complaint.

179.    Defendants deny the allegations in Paragraph 179 of the Second Amended Complaint.

180.    Defendants deny the allegations in Paragraph 180 of the Second Amended Complaint.

181.    Defendants deny the allegations in Paragraph 181 of the Second Amended Complaint.

**SECOND CAUSE OF ACTION**
**New York Wage Laws – Unpaid Overtime**
**NYLL §§ 190, *et seq.*; 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2**
**(Brought by the New York Plaintiff Individually and on Behalf of the New York Class)**

182.    Defendants incorporate by reference their responses to the allegations in all preceding paragraphs.

183.    Defendants deny the allegations in Paragraph 183 of the Second Amended Complaint.

184.    Defendants deny the allegations in Paragraph 184 of the Second Amended Complaint.

185.    Defendants deny the allegations in Paragraph 185 of the Second Amended Complaint.

186.    Defendants deny the allegations in Paragraph 186 of the Second Amended Complaint.

187.     Defendants deny the allegations in Paragraph 187 of the Second Amended Complaint.

188.     Defendants deny the allegations in Paragraph 188 of the Second Amended Complaint.

189.     The Second Amended Complaint speaks for itself as to the recovery sought, and as such, an answer is not required as to the allegation regarding what the lawsuit seeks.  Defendants, however, deny the allegations and implications that they violated any of the legal bases asserted in the manner alleged.

**THIRD CAUSE OF ACTION**
**NYLL, Article 6, §§ 190 *et seq.* – Failure to Provide Accurate Wage Statements**
**(Brought by the New York Plaintiff Individually and on Behalf of the New York Class)**

190.     Defendants incorporate by reference their responses to the allegations in all preceding paragraphs.

191.     Defendants deny the allegations in Paragraph 191 of the Second Amended Complaint.

192.     Defendants deny the allegations in Paragraph 192 of the Second Amended Complaint.

**FOURTH CAUSE OF ACTION**
**NYLL, Article 6, §§ 190 *et seq.* – Failure to Provide Complaint Wage Notice**
**(Brought by the New York Plaintiff Individually and on Behalf of the New York Class)**

193.     Defendants incorporate by reference their responses to the allegations in all preceding paragraphs.

194.     Defendants deny the allegations in Paragraph 194 of the Second Amended Complaint.

195.    Defendants deny the allegations in Paragraph 195 of the Second Amended Complaint.

### FIFTH CAUSE OF ACTION
**Illinois Wage Laws – Unpaid Overtime Wages**
**(Brought by the Illinois Plaintiff Individually and on Behalf of the Illinois Class)**

196.    Defendants incorporate by reference their responses to the allegations in all preceding paragraphs.

197.    Paragraph 197 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 197 of the Second Amended Complaint.

198.    Paragraph 198 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 198 of the Second Amended Complaint.

199.    Defendants deny that Cision Ltd. employed the Illinois Plaintiff and the members of the Illinois Class.  Defendants admit that Cision US Inc. employed the Illinois Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the allegation that Cision US Inc. employed the members of the Illinois Class, and therefore denies same.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 199 of the Second Amended Complaint.

200.    Defendants deny the allegations in Paragraph 200 of the Second Amended Complaint.

201.    Defendants deny the allegations in Paragraph 201 of the Second Amended Complaint.

202.    Defendants deny the allegations in Paragraph 202 of the Second Amended Complaint.

203.    Defendants deny the allegations in Paragraph 203 of the Second Amended Complaint.

**SIXTH CAUSE OF ACTION**
**Maryland Wage & Hour Law – Unpaid Overtime Wages**
**(Brought by the Maryland Plaintiff Individually and on Behalf of the Maryland Class)**

204.    Defendants incorporate by reference their responses to the allegations in all preceding paragraphs.

205.    Paragraph 205 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 205 of the Second Amended Complaint.

206.    Paragraph 206 of the Second Amended Complaint does not require a response as it states legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 206 of the Second Amended Complaint.

207.    Defendants deny that Cision Ltd. employed the Maryland Plaintiff and the members of the Maryland Class.  Defendants admit that Cision US Inc. employed the Maryland Plaintiff. Defendants lack knowledge or information sufficient to admit or deny the allegation that Cision US Inc. employed the members of the Maryland Class, and therefore denies same.  Except as expressly admitted, Defendants deny the remaining allegations in Paragraph 207 of the Second Amended Complaint.

208.    Defendants deny the allegations in Paragraph 208 of the Second Amended Complaint.

209.    Defendants deny the allegations in Paragraph 209 of the Second Amended Complaint.

210.    Defendants deny the allegations in Paragraph 210 of the Second Amended Complaint.

211.    Defendants deny the allegations in Paragraph 211 of the Second Amended Complaint.

### SEVENTH CAUSE OF ACTION
**Maryland Wage Payment & Collection Law – Timely Payment of Wages**
**(Brought by the Maryland Plaintiff Individually and on Behalf of the Maryland Class)**

212.    Defendants incorporate by reference their responses to the allegations in all preceding paragraphs.

213.    Defendants deny the allegations in Paragraph 213 of the Second Amended Complaint.

214.    Defendants deny the allegations in Paragraph 214 of the Second Amended Complaint.

215.    Defendants deny the allegations in Paragraph 215 of the Second Amended Complaint.

216.    Defendants deny the allegations in Paragraph 216 of the Second Amended Complaint.

Defendants deny each and every allegation of the Second Amended Complaint not specifically admitted.

### PRAYER FOR RELIEF

**ANSWER:** Defendants deny that any act by Cision Ltd. or Cision US Inc., or any officer, agent, or employee of Cision Ltd. or Cision US Inc., violated any rights of the Plaintiffs

or potential collective or class members, and further deny that same are entitled to any of the relief requested in sub-parts A. through J of Plaintiffs' Prayer for Relief or otherwise.  Defendants request that the Court dismiss all claims asserted against them with prejudice and award reasonable fees, costs, and expenses to Defendants as may be legally applicable and appropriate.

## DEMAND FOR TRIAL BY JURY

**ANSWER:**  Defendants do not consent to Plaintiffs' demand for a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint, and each and every purported Claim for Relief in the Second Amended Complaint, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, 29 U.S.C. § 255(a) with respect to the First Cause of Action; NYLL § 198 with respect to the Second, Third, and Fourth Causes of Action; 820 ILCS 105/12(a) with respect to the Fifth Cause of Action; and Md. Code Ann., Cts. & Jud. Proc. § 5-101 with respect to the Sixth and Seventh Causes of Action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, by the doctrine of avoidable consequences or failure to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Any violation of the obligation to pay overtime under the Fair Labor Standards Act or applicable state laws (and Defendants deny that there was any such violation) was an act or omission in good faith, and that Defendants had reasonable grounds for believing that any act or omission was not a violation of any legal requirement, such that liquidated damages may not be awarded.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs, on behalf of themselves or other allegedly similarly situated individuals, failed to properly exhaust administrative requisites for suit, to the extent that they seek recovery of civil penalties with respect to itemized wage payment statements or on any other basis, and as a result any claim for civil penalties is barred in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

To the extent applicable, Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred by the doctrines of waiver, unclean hands and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring and pursue all or portions of their claims as alleged in the Second Amended Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, because any time for which Defendants did not pay wages was *de minimis*, including, but not limited to, for time spent on preliminary or postliminary

activities, and thus Defendants cannot have been required to pay for that time and cannot have violated any legal requirement in that respect.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, because even if Defendants violated any provision of the FLSA, which Defendants specifically deny, such violation was not pursuant to a uniform policy or plan.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to certification of any collective action pursuant to 29 U.S.C. § 216(b) on their claims under the FLSA because they are not similarly situated to the putative collective action members whom they purport and seek to represent, and cannot identify a group of similarly situated employees or former employees of Defendants.

### ELEVENTH AFFIRMATIVE DEFENSE

Collective relief is inappropriate because individual issues predominate over issues generally applicable to the collective action.  By way of example, consideration of the employment status of the Plaintiffs and each putative collective action member requires an individual fact-specific inquiry into the actual day-to-day duties of each individual and the nature of their relationship with Defendants.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs, on behalf of themselves or other allegedly similarly situated individuals, are not entitled to an award of prejudgment interest even if they prevail on any or all of their claims.

## <u>THIRTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs, former employees, lack standing to represent the putative class of current employees, as they cannot seek injunctive relief.  For this reason, Plaintiffs are inadequate class representatives.

## <u>FOURTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, by the doctrine of estoppel to the extent that anyone misrepresented the amount of time worked, or failed to inform Defendants of the full amount of time worked, despite having been required to record time worked fully.

## <u>FIFTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims against Defendants are barred because Defendants were not an employer or joint employer of the Plaintiffs or putative collective action members or putative class members.

## <u>SIXTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, because they were compensated at all times in accordance with applicable FLSA and state law requirements.

## <u>SEVENTEENTH AFFIRMATIVE DEFENSE</u>

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, on the basis that Plaintiffs or such other individuals were exempt from the overtime provisions of the federal Fair Labor Standards Act pursuant to the inside sales or commission pay exemption (29 U.S.C. § 207(i)), the administrative exemption, or the executive exemption, or pursuant to a combination of such exemptions.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, on the basis that Plaintiffs or such other individuals were exempt from the overtime provisions of the New York Labor Law pursuant to the administrative exemption, the executive exemption, or pursuant to a combination of such exemptions.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, on the basis that Plaintiffs or such other individuals were exempt from the overtime provisions of the Illinois Wage Laws pursuant to the inside sales or commission pay exemption (820 ILCS 105/4a(2)(F)), the administrative exemption, or the executive exemption, or pursuant to a combination of such exemptions.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims, as brought on behalf of themselves or other allegedly similarly situated individuals, are barred, in whole or in part, on the basis that Plaintiffs or such other individuals were exempt from the overtime provisions of the Maryland Wage and Hour Law pursuant to the inside sales or commission pay exemption (Md. Code Ann., Lab. & Empl. § 3-403(5)), the administrative exemption, or the executive exemption, or pursuant to a combination of such exemptions.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

To the extent that any overtime wages are found due and owing (and Defendants deny that any such amounts are due), the regular rate for determining the amount of any such overtime must be based only on amounts properly included in the regular rate, with any items within the

exceptions in 29 U.S.C. § 207(e) and its implementing regulations accordingly excluded from the regular rate.

## <u>TWENTY-SECOND AFFIRMATIVE DEFENSE</u>

Any wages found to be due (and Defendants deny any additional wages are due) are the subject of a bona fide, good faith dispute, and with Defendants having reasonable grounds for believing in good faith that no additional wages are due, penalties or any type of liquidated damages cannot be awarded.

Defendants assert the affirmative defenses set forth in this Answer against each and every member of any certified collective action, class, or subclass, in the event that the Court certifies any collective action, class, or subclass.

Dated: August 18, 2021                           Respectfully Submitted,

By: */s/ Linda M. Jackson*
Linda M. Jackson (*pro hac vice*)
Alexandra M. Romero (*pro hac vice*)
ARENT FOX LLP
1717 K Street, NW
Washington, DC 20006
Tel.: (202) 857-6000
linda.jackson@arentfox.com
alexandra.romero@arentfox.com

Eric Roman (Bar No. 2827657)
ARENT FOX LLP
1301 Avenue of the Americas, 42 Floor
New York, NY 10019
Tel.: (212) 492-3283
eric.roman@arentfox.com

Paul R. Lynd (*pro hac vice*)
ARENT FOX LLP
55 Second Street, 21st Floor
San Francisco, CA 94105
Tel: (415) 805-7968
paul.lynd@arentfox.com

*Counsel for Defendants Cision US Inc. & Cision Ltd.*