```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
ANATOLIY MIKITYUK, et al.                                              :
                                                                       :
                                         Plaintiffs,                   :
                                                                       :                 21-cv-510 (LJL)
                 -v-                                                   :
                                                                       :                   ORDER
CISION US INC. and CISION LTD.,                                        :
                                                                       :
                                         Defendants.                   :
                                                                       :
-----------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/19/2021

LEWIS J. LIMAN, United States District Judge:

Several issues are currently before the Court:

**I.  "Re-Mailing" of Section 216(b) Notices**

Defendants request a conference to resolve issues arising from what they claim is an improper remailing of Section 216(b) notices by Plaintiffs. Dkt. No. 115 at 1. Plaintiffs remailed Section 216(b) notices to 26 individuals on two dates in July and one date in August. Two related issues are presented. First, whether Plaintiffs were permitted or should be permitted to remail notices to the 26 persons and second, what the opt-in deadline for such persons is. First, pursuant to the Court's May 4, 2021 order, Dkt. No. 48, Plaintiffs sent notices to potential opt-in members of the collective action by United States mail and by email. Of the 26 persons to whom notices were remailed, only one individual's email notice had been returned as undeliverable. That person received a re-notice as part of the August 9 remailing. Second, the Court-approved notice provided that the parties were to insert a deadline for the submission of "Consent to Join" forms 60 days from the mailing of the notice. Dkt. No. 59-1, at 1. The original July 6 mailing correctly set the deadline at September 4 (60 days from July 6). The July remailings set the wrong deadline for the submission of Consent to Join forms, assuming the

remailings were proper in the first place. They specified the original September 4 date. If the remailings were proper, then the deadline would need to be corrected. The August remailing currently reflects an opt-in deadline of 60 days from re-emailing, or October 8, 2021. Assuming the remailing was proper, the date would not need to be corrected but, on the theory that the re-emailing was not proper and that the notice period should be restarted only if a potential opt-in member receives neither email nor U.S. Mail notice, Defendants request that a corrected notice be sent to the August 9 batch, re-stating the September 4 opt-in deadline. Dkt. No. 115 at 3.

Defendants argue that the "re-mailings" were improper and that the opt-in deadline should be restarted only for the single individual whose email notice was returned as undeliverable. They interpret the Court's orders approving the notice, as providing that re-mailings are to occur *if and only if* notice is (i) undeliverable and (ii) a new address is obtained. Defendants further contend that where email notice is delivered, the potential collective action member has received notice and no re-mailings are to occur. They further state that the sole and obvious purpose of re-mailing notices and providing a restart of the opt-in period is to give individuals to whom notice was not delivered the benefit of the same 60-day period as those to whom notice was delivered. Defendants contend that on Plaintiffs' theory that re-notice is to occur any time either form of notice is undeliverable, the opt-in period would extend forever (or at least indefinitely)—as long as one of the two forms of notice is returned undeliverable and a new address identified, a collective action member would receive a new notice and a new deadline for submitting a Consent to Join form even if that member had already received notice. Dkt. No. 115 at 3.

Plaintiffs respond that even if an email is not bounced or returned as undeliverable, it may not have been successfully delivered to its intended recipient; and even if a notice is

2

successfully delivered by one or more method to a putative collective member, the individual may never see it. According to Plaintiffs, "[t]he inquiry is not whether putative collective members received *any* form of notice, it is whether *all* forms of Court-ordered notice were sent by all available means." Dkt. No. 119 at 1. They respond to Defendants' concern about the opt-in period being extended indefinitely, by stating: "If there are additional remailings, this date may be extended incrementally, not indefinitely." *Id.* at 2. On their argument, each extension of the deadline is incremental—even if it followed by another incremental extension and yet another incremental extension.

The language in the revised notice approved by the Court admittedly is somewhat ambiguous when read in isolation. It states: "[insert date 60 days from mailing of notice; the notice period restarts if the notice is returned undeliverable and a new address is located]." Dkt. No. 59-1. It could be read to mean that the notice period restarts either if one of the two forms of notice is returned as undeliverable (as Plaintiffs contend) or if both forms of notice are returned undeliverable (as Defendants contend). When read in context of the Court's May 4, 2021 order and the purpose of notice in the first place, there is no ambiguity. The Court authorized notice by both U.S. Mail and by email to ensure that a potential opt-in would receive some form of notice, not to ensure that the opt-in would receive both forms of notice. Dkt. No. 48 at 17-18. In the words of the case cited by Plaintiffs, multiple forms of notice "maximize[] potential plaintiffs' opportunities to be informed of the pendency of the litigation and consider whether to opt in." *Mendoza v. Ashiya Sushi 5, Inc.*, 2013 WL 5211839, at *9 (S.D.N.Y. Sept. 16, 2013). If a potential opt-in has received email notice, she has been informed of the pendency of the litigation; she does not also need to have received notice by U.S. Mail. In fact, the objective Plaintiffs identify—to ensure that the recipient of the email pays attention to it—is served by the

reminder notice the Court also authorized on a finding that "the modern-day volume of information to which even ordinary citizens are subject makes such a notice helpful." Dkt. No. 48 at 23.  It does not justify extending the opt-in deadline.

To the extent Plaintiffs request to send re-mailings to persons who received notice by either U.S. Mail or by email (as demonstrated by the fact that such notice was not returned), that request is denied.  Plaintiffs may send a re-mailing only to persons who received neither email nor U.S. Mail notice.[1]

Defendants' request that a corrected notice be sent to the August 9 batch re-stating the September 4 deadline is denied.  The notice was sent in good faith and the Court determines that a re-notice stating a date of September 4, after the recipients were told of a date of October 9 would be confusing and prejudicial to the potential class members.  The Court enjoys discretion to set a new date for good cause.  Such good cause exists in the case of the eight persons who received notice in the August batch, for whom an email was not returned as undeliverable.  In any event, the statute of limitations for such persons (as for other opt-ins) will stop running only when the Consent to Join form is received.

Defendants request that Plaintiffs notify Defendants, on a weekly basis, of any future notices returned as undeliverable, the date on which they were returned, whether both email and U.S. Mail notices were undeliverable, and the date on which a new address for re-mailing is identified.  Such information shall be provided by end of day on the Monday setting forth notices

---

[1] Plaintiffs state that rather than send a "corrective" notice, they will seek relief on behalf of any individuals who file Consent to Join forms after the September 4 deadline "only if necessary, if and when they seek to join the collective after the date printed on their notice." Dkt. No. 118 at 3.  The Court rejects Plaintiffs' argument that the deadline for the persons who received the July re-mailings is September 24, or September 27, 2021.  *Id.*  To the extent that Plaintiffs have other arguments for why the failure to meet a deadline should be excused, the Court will entertain those arguments if and when they are made.

4

returned as undeliverable during the preceding week (if there were notices returned as undeliverable).

## II.     Reminder Notices

Plaintiffs ask for the Court's permission to send a reminder postcard and email to individuals whose initial notice has been or will be returned as undeliverable and to whom new contact information has been or will be returned as undeliverable. The proposed reminders are in the form previously approved by the Court with the exception of the return deadline (which has been restarted). Dkt. No. 118. Cision opposes the request to the extent such reminders (with new dates) would be sent to persons who received either email or U.S. Mail notice. Plaintiffs may send a reminder postcard and email to the single individual in the August batch for whom both U.S. mail and email were returned as undeliverable. The request to send to persons who received email notice (but not U.S. mail notice) is denied for the reasons stated above.

## III.    Full Social Security Numbers

Plaintiffs request that the Court order Defendants to provide full social security numbers for individuals whose notices were returned as undeliverable. Dkt. No. 118. Plaintiffs submit a declaration from their third party administrator stating that the last four digits of an individual's social security number did not allow the administrator to precisely locate new email and mailing addresses but that full social security numbers would permit the administrator to do so.

Courts have discretion to permit discovery of social security numbers "where Plaintiff can demonstrate that names and contact information are insufficient to effectuate notice." *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp.2d 445, 448 (S.D.N.Y. 2011). Such information is not necessary and the provision of it will not be required where Plaintiffs have been able to make notice by either email or by U.S. Mail. At the present time, there are no potential opt-ins who have not received notice by either U.S. Mail or email. Dkt. No. 126 at 3.

However, to the extent that Plaintiffs can identify persons for whom both email and U.S. Mail were returned as undeliverable and can offer evidence to Defendants that such notice is undeliverable by U.S. Mail or email, Defendants shall provide full social security numbers for such persons subject to the execution of a confidentiality agreement containing the provisions set forth by Judge Sand in *Whitehorn*.  *See Whitehorn*, 767 F. Supp. 2d at 449.

### IV.     Plaintiffs' Motion to Compel

Plaintiffs move to compel contact information for "New York salespeople who sold Falcon.io products." Dkt. No. 117 at 1.  It claims that such persons are members of the collective under the Court's 216(b) order and that Plaintiffs are entitled to the production of contact information.  It points to allegations in the second amended complaint that Plaintiff Mikityuk sold Falcon.io branded products as a Cision employee.  Dkt. Nos. 88 ¶ 16; *see also* Dkt. No. 13 at 1 n.1; Dkt. No. 48 at 6, 12, 14.  Plaintiffs also seek discovery on Cision's relationships with affiliates which it claims or may claim employed Plaintiffs and other SRs, including Falcon.io and other brands Cision acquired.  They claim that such discovery will help Plaintiffs determine whether additional entities jointly employed Plaintiffs and class and collective members as a single integrated enterprise or any other theory and thus whether they may be jointly and severally liable with Defendants.  They claim that they have not named any other entities because they need discovery to make these allegations.

The motion to compel is denied.  Plaintiffs' second amended complaint seeks relief only on behalf of "Plaintiffs and similarly situated individuals who have worked for Defendants Cision US Inc. and Cision Ltd." in one of a number of specified positions. Dkt. No. 88 ¶ 1.  The first amended complaint sought relief on behalf of the identical group of persons—circumscribed by the allegation that they "worked for Defendants Cision US Inc. and Cision Ltd." Dkt. No. 20 ¶ 1.  So too the original complaint.  Dkt. No. 1 ¶ 1.  In all three documents, Plaintiffs defined

6

"Cision" as Cision US Inc. and Cision Ltd. and not any other entities. Plaintiffs' motion for conditional certification sought certification of a collective limited to persons employed by Cision US Inc. and Cision Ltd. Dkt. Nos. 12, 12-1 (notice referring to Cision). Neither the complaints nor the motions referred to any other entities with whom Cision US Inc. or Cision Ltd. was alleged to be a joint employer. The Court's May 4, 2021 order adopted that convention, *see* Dkt. No. 48 at 16 (defining Cision US Inc. and Cision Ltd as "Cision") and certified a collective limited to employees of Cision US Inc. and Cision Ltd.

Defendants represent without contradiction that they have provided the contact information for all persons in the relevant job positions employed by Cision—defined as Cision US Inc. and Cision Ltd. Dkt. No. 121. They also represent that they have done so for employees nationwide—they have not excluded any employees based on the location of their employment. *Id.* They have not provided information for persons employed by other entities.

Defendants were not required to provide contact information for employees of other entities. The purpose of the contact information was for notice to be provided to employees of Cision US Inc. and Cision Ltd. Plaintiffs have not alleged that persons who were employed by other entities should also be deemed to be employees in fact of Cision US Inc. or Cision Ltd., nor did they seek conditional certification on behalf of such persons. As to the request for discovery regarding relationships with other entities, Plaintiffs' own letter demonstrates why it must be denied. Plaintiffs admit that they do not allege information that would support the notion that other entities are joint employers with either of the entities whom they have named. Nor do they over evidence that would support the notion of joint employment. The request is a fishing expedition. *Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 ("Discovery . . . is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out

allegations for which they initially have at least a modicum of objective support.") (quoting *Cleveland-Goins v. City of New York*, 1999 WL 673343, at *2 (S.D.N.Y. Aug. 30, 1999)).

## CONCLUSION

The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 115 and 117. In addition, the Clerk of Court is directed to close the motions at Dkt. Nos. 78 and 87, which were addressed at conference on July 22, 2021.

SO ORDERED.

Dated: August 19, 2021
      New York, New York

                                       LEWIS J. LIMAN
                                   United States District Judge