```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
                                                                :
ANATOLIY MIKITYUK, et al.,                                      :
                                                                :
                              Plaintiffs,                       :
                                                                :          21-cv-510 (LJL)
            -v-                                                 :
                                                                :          OPINION & ORDER
CISION US INC. and CISION LTD.,                                 :
                                                                :
                              Defendants.                       :
                                                                :
---------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2021

LEWIS J. LIMAN, United States District Judge:

Plaintiffs move to amend their complaint and to file a third amended complaint ("TAC). Dkt. No. 147. The proposed TAC adds a single additional defendant, Falcon Social, Inc ("Falcon"). Dkt. Nos. 149-2, 149-3. It also adds new claims that the defendants failed to pay members of the FLSA collective and members of putative class straight time for all of the hours worked in violation of the laws of various states. *Id.* The motion is granted.

Under Rule 15(a), "[l]eave to amend a complaint [is to] be freely given when justice so requires." *Dougherty v. Town of N. Hempsted Bd. of Zoning Appeals*, 282 F.3d 83, 87 (2d Cir. 2002) (citing Fed. R. Civ. P. 15(a)). The court may deny such a motion only on grounds of "undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility." *Quaratino v. Tiffany & Co.*, 71 F.3d 58, 66 (2d Cir. 1995). However, "[m]ere delay … absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

Under Rule 21, a court may allow a party to be added or removed "at any time, on just terms." Fed. R. Civ. P. 21. "In deciding whether to permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." *New York Wheel Owner LLC v. Mammoet Holding B.V.*, 2020 WL 4926379, at *21 (S.D.N.Y. Aug. 21, 2020) (quoting *Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008)); *see also Tarr v. Acto Techs., Inc.*, No. 19-cv-7703 (S.D.N.Y. Dec. 29, 2020), Dkt. No. 50 at 3. In addition, Rule 20(b) provides that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(b); *see also O'Gorman v. Mercer Kitchen L.L.C.*, 2021 WL 602987, at *1 (S.D.N.Y. Feb. 16, 2021).

Plaintiffs' motion to amend was filed on October 21, 2021, Dkt. No. 147, within the time period permitted under the Court's case management plan for amendments, Dkt. No. 33, and only approximately ten months after this action was first filed on January 20, 2021, Dkt. No. 1. Although Plaintiffs knew or could have known of the essential facts upon which they base their amended complaint earlier, that Plaintiffs could have amended earlier is not alone sufficient to defeat amendment. *See Francisco v. Abengoa, S.A.*, 2021 WL 4136899, at *17 (S.D.N.Y. Sept. 10, 2021). This is not a case in which Plaintiffs waited to amend until after a trial date was set and defendants had completed their document production and then sought to add allegations that would have required defendants to conduct an extensive new production of documents after documents had already been searched and reviewed and inevitably delayed an already-extended and several-times-delayed trial date. *See, e.g., In re Elysium Health-Chromadex Litig.*, 2021 WL

194994, at *7 (S.D.N.Y. Jan. 19, 2021).[1]  The delay is not undue, given how early in the case the motion is made and how far this case still has to go.

The Cision Defendants ("Defendants") do not allege that the amendments adding Falcon and the straight-time claims are futile.  Defendants do contend that the allegations regarding six other Cision entities—Vocus, Viralheat, PRNewswire, Bulletin Intelligence, Prime, and TrendKite—are futile, but that argument is meritless.  Plaintiffs do not seek to add those other Cision entities as defendants.  They previously alleged that Cision sold software products created by or affiliated with those entities and alleged that the Cision salespeople whose rights Defendants allegedly violated sold those products.  Dkt. No. 149-3 ¶ 4.  The amendment simply makes clear that Defendants may be liable regardless whether they were the sole employer of those salespeople or whether others would also be liable as joint employers.  It does not expand the allegations of the complaint.  Nor is it futile.

Plaintiffs' amendment does not cause prejudice and is not motivated by bad faith.  Contrary to Defendants' assertion, the amendment will not add "potential new members of the FLSA collective," Dkt. No. 161 at 1, or include six new defendants.  Although Plaintiffs have indicated that they intend to include individuals who sold Falcon-branded products within the scope of their proposed Rule 23 classes, they also have definitively stated that they will not request new notices under Section 216(b), Dkt. Nos. 149 ¶¶ 7, 8; 169 at 10, which would have resulted in delay.  One new defendant is being added, and Defendants have long been on notice of the relevance of that entity to the case.

---

[1] It also is not a case in which plaintiff waited until after a judgment was entered to amend the complaint.  *See, e.g.*, *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008).

The case is at its beginning in terms of discovery. Cision has taken only four depositions, Plaintiffs have taken none, and opt-in discovery has not begun. Dkt. No. 170 ¶ 6. Cision is just beginning document production, having produced only 1,885 documents. *See* Dkt. No. 171 ¶¶ 5-6. The parties are conferring about Cision's electronically stored information. *Id.* ¶ 7. To the extent that during those few depositions already taken Defendants avoided asking questions of deponents that they would now ask based upon the new allegations that Plaintiffs would add to the case—a point that is in dispute between the parties—or that Defendants otherwise would suffer prejudice if amendment is permitted and those depositions are not reopened, Defendants can move to reopen the depositions and for other relief.

The motion at Dkt. No. 147 is GRANTED. Plaintiffs shall file their amended complaint by December 1, 2021.

SO ORDERED.

Dated: November 29, 2021
      New York, New York

                                                LEWIS J. LIMAN
                                          United States District Judge